IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTHONY SMITH and FLYING A.J.'S
TOWING COMPANY, LLC,

                                                                                                       ORDER

                Plaintiffs,

    v.

                                                                                                       10-cv-062-wmc

JOHN WILSON and TOWN OF
BELOIT,

                Defendants.

---

As the court explained in its decision denying plaintiffs' motion for summary judgment, the Town of Beloit may not be liable under any respondeat superior theory, but rather only if:

> (1) it has a permanent and well-settled municipal custom or practice that, although not authorized by official law or policy, was the moving force behind the plaintiff's constitutional injury; or (2) an individual with final policy-making authority for the municipality (on the subject in question) caused the constitutional deprivation.

*Valentino v. Vill. of S. Chi. Heights*, 575 F.3d 664, 674 (7th Cir. 2009) (citing *Monell v. City of New* York, 436 U.S. 658, 690 (1978). Plaintiffs here are proceeding on both prongs, arguing that Wilson had final policymaking authority with regard to determining which companies are on the Town's towing list, or, in the alternative, that the Town of Beloit adopted a custom or practice of discriminating on the basis of race in determining which companies are placed of the Town's towing list.

"[T]he identification of those officials whose decisions represent the official policy of the local governmental unit is itself a legal question to be resolved by the trial judge *before* the case is submitted to the jury." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989). At summary judgment, the court concluded that the record before it did not allow for a determination as to whether Wilson had the authority to establish the policy for determining which companies were placed on the Town's towing list. Both Wilson and Town Administrator Museus testified at their depositions that Wilson made the decisions as to which companies were placed on the Town's towing list. But, the "discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion. Rather, such an official also must be responsible for establishing final government policy on a particular issue." *Valentino*, 575 F.3d at 675 (quoting *Pembaur*, 475 U.S. at 481-83); *see also Kujawski v. Bd. of Comm'rs of Bartholomew County, Ind.*, 183 F.3d 734, 739 (7th Cir. 1999).

After hearing testimony during the liability phase of the trial in this matter, the court is now prepared to rule on the issue of whether Wilson had policymaking authority. In determining whether an official has final policymaking authority, the court considers:

> (1) whether the official is constrained by policies of other officials or legislative bodies; (2) whether the official's decision on the issue in question is subject to meaningful review; and (3) whether the policy decision purportedly made by the official is within the realm of the official's grant of authority.

*Valentino*, 575 F.3d at 676; *see also Vodak v. City of Chicago*, Nos. 09-2768, 09-2843, 09-2901, 2011 WL 905727, at *7 (7th Cir. Mar. 17, 2011). The court may look beyond

"positive law," to customs to determine which official has final policymaking authority. *See id.*

As in *Valentino*, defendants "do not point to any laws, statutes, or ordinances which place policy setting authority in the hands" of the Town's board. *Id.* at 677. To the contrary, defendants acknowledge that no policy existed during the time period relevant to Smith's claims. Accordingly, there is no "presumption of policymaking authority in the hands" of the Town's board, and therefore the court need not "inquir[e] into whether that body delegated its authority to" Wilson. *Id.* at 678. Moreover, before March of 2003, defendants did not present any evidence that Wilson was "constrained by policies of other official or legislative bodies" as to the decision of which companies were placed on the Town's towing list during the relevant period. *See id.* (basing finding that the mayor was the final decisionmaker in part on the fact that "[d]efendants cannot point to any edicts from the board of trustees that in any way govern the manner in which Mayer Owen may make his hiring or firing decisions"); *see also Vodak*, 2011 WL 905727, at *8 (finding the superintendent had final policymaking authority with respect to control of demonstrations, in part, because there was no City ordinance constraining him). Defendants also did not present any evidence that the Town's board or the Town Administrator Robert Museus "provided any meaningful oversight" of Wilson's decision as to the placement of companies on the Town's towing list before March of 2003. *See id.* Even after that date, it is disputed whether meaningful oversight existed.

Based on the record as a whole, therefore, the court finds as a matter of law that Wilson was the "*de facto* policymaker" for the Town of Beloit with regard to which companies were placed on the Town's towing list for all relevant periods before March of 2010.  *See Valentino*, 575 F.3d at 678; *see also Vodak*, 2011 WL 905727, at *7 ("The superintendent *was* the City, so far as the demonstration and arrests were concerned.").

Entered this 27th day of April, 2011.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge