IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTHONY SMITH and FLYING A.J.'S
TOWING COMPANY, LLC,

                                          ORDER

            Plaintiffs,

    v.

                                        10-cv-062-wmc

JOHN WILSON and TOWN OF
BELOIT,

            Defendants.

---

In their brief in support of a due process claim, plaintiffs for the first time claim a deprivation of an "occupational liberty," relying on *Board of Regents v. Roth*, 408 U.S. 564 (1972). Plaintiffs' argument for a due process instruction fails for at least two reasons.

Most fundamentally, the record does not support findings of the required elements of proof. In order to state a claim for deprivation of occupational liberty, plaintiffs must show that "(1) [they were] stigmatized by the defendant's conduct; (2) the stigmatizing information was publically disclosed; and (3) [they] suffered a tangible loss of other employment opportunities as a result of public disclosure." *Johnson v. Martin*, 943 F.2d 15, 16 (7th Cir. 1991); *see also Head v. Chicago Sch. Reform Bd. of Trustees*, 225 F.3d 794, 801 (7th Cir. 2000). As a threshold matter, the alleged stigmatizing statements must also be "uttered incident to the termination." *Siegert v. Gilley*, 500 U.S. 226, 234 (1991); *see also Goecks v. Pedley*, 732 F. Supp. 2d 828, 834 (W.D. Wis. 2010).

Nothing in this record suggests that defendants' statements -- Wilson's claimed reliance on rumors about Smith's involvement with drugs, the condition of his trucks,

and overcharging customers -- were publicly disclosed until this lawsuit was pursued. Even if disclosed, there is nothing in the record to suggest that the statements were disclosed "incident to" the decision to deny plaintiffs an opportunity for inclusion on the Town's towing list, the fundamental claim of injury in suit. Finally, the record does not support a finding that plaintiffs lost *other* towing contracts *because of* any publicly-disclosed stigmatizing statements by defendants.

There is a separate, fatal defect in plaintiffs' current position: plaintiffs did not plead a due process claim premised on a deprivation of occupational liberty. Rather, plaintiffs' amended complaint put defendants on notice of a due process claim premised on a loss of a "property interest:"

> Plaintiffs had a *property interest* in being included on the Town's towing list, and they were *deprived of this interest without due process of law*. Furthermore, Plaintiffs, who were able and ready to provide towing services for the Town, suffered an injury in fact when Mr. Wilson's and the Town's discriminatory policy prevented Plaintiffs from being considered on an equal basis for inclusion on the Town's towing list, and when Plaintiffs were denied equal treatment resulting from the imposition of the barrier erected by Mr. Wilson and the Town which prevented Plaintiffs from competing on an equal footing in being considered for inclusion on the Town's towing list.

(Am. Compl. (dkt. #30) ¶ 90 (emphasis added).)

In their brief in support of a due process claim, Plaintiffs completely abandoned any argument with respect to a property interest in being placed on the Town's towing list. Instead, plaintiffs rely on a claim that they characterize as a substantive due process claim. (*See* Pls.' Br. in Supp. of Due Process Claim (dkt. #213) 1.) The court will not allow plaintiffs on the eve of trial (literally) to transform their procedural due process

claim premised on the loss of a property interest into a deprivation of occupational liberty claim.

ORDER

IT IS ORDERED that plaintiffs' due process claim is DISMISSED with prejudice.

Entered this 26th day of April, 2011.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge